# Kunkelman *v.* Dechant et al., Appellants.

*Engineers—Professional services—Contracts—Inaccurate information—Liability.*

In an action of assumpsit for damages, resulting from the failure to furnish the correct building grades, the defendants were civil engineers who were employed by the plaintiff to furnish the grades for a new house. Later it developed that the grades were incorrect, resulting in monetary loss to the plaintiff.

In such case the fact that the plaintiff failed to procure a requisite building permit was no defense to the failure of the defendants to furnish the proper information.

Defendants' undertaking implied that they possessed the skill and ability sufficient to enable them to perform the required service, at least ordinarily and without neglect. The law implied a promise that they would execute the business intrusted to them as engineers with a reasonable degree of skill and care. They were bound to perform that duty with such skill and care and upon their failure so to do, as found by the jury, they were liable for negligence in that respect.

The failure to secure the permit in on way induced caused or contributed to the damage and consequently it did not prevent the plaintiff's recovery for defendants' wrong.

Argued November 14, 1927.   Appeal No. 102, October T., 1927, by defendants from judgment of C. P., Berks County, April T., 1925, No. 17, in the case of Earl S. Kunkelman v. William H. Dechant, Frederick H. Dechant and Miles B. Dechant, trading as William H. Dechant & Sons.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Trespass to recover damages for negligence in professional services rendered.   Before STEVENS, J.

The facts are stated in the following opinion of the Court below:

Plaintiff has a verdict against defendants, and defendants have moved for judgment in their favor notwithstanding the verdict.   Their motion for a new trial was not argued, and we regard the same as abandoned.

Reading all the evidence in the light most favorable to the plaintiff, the latter being given the benefit of every fact and inference of fact pertinent to the issue involved which may legitimately be drawn from the evidence, the controlling question is, would binding instructions for defendants have been proper at the end of the trial: Smith v. Standard Steel Car Co., 262 Pa. 550.

Plaintiff being about to build a house in the City of Reading, about December 15, 1923, went to the defendants, who are civil engineers holding themselves

out as possessing skill and ability in their line and offering their services, and requested from them lines and grading, the curb line and the lines of the house to be built by him. They furnished him with a plan showing the stakes and explanations as to the necessary cuts and fills, in other words the grades and elevations for his operation. Relying upon that, plaintiff began his excavations for the cellar of his house on December 19th, and finished them the first week in January, 1924. He did no work other than the excavation for the house until February 7, 1924, when he secured permits from the Department of Public Safety, Bureau of Building Inspection, for the erection of his house and his garage. He then, between February 7th and March 5th, made the excavations for his garage, and on March 24th the masons began laying the cellar walls for the house. When, on April 4, 1924, these walls were ready for the first floor joists, he discovered that the grades and elevations furnished by the defendants were erroneous. He on that day secured a permit called a Miscellaneous Highway Permit for building from the Department of Streets and Public Improvements, Bureau of Highways. He then proceeded to raise his walls and finished them April 15, 1924. There is an ordinance providing for the issuing of permits for the setting of curbing, setting of buildings, opening of sidewalks, laying new or relaying old sidewalks, and for the construction of vaults under sidewalks, and prescribing a penalty for any violation thereof. This ordinance declares it to be unlawful to do any of the above acts until a permit has been obtained from the Superintendent of the Department of Streets and Public Improvements, who is authorized to establish rules and regulations, and is given the right to refuse permits for these operations from November 1st to April 1st, and as said above, fixes the penalty for violation of any of the

provisions of the ordinance. The plaintiff did not secure a permit under this ordinance until the cellar walls were ready for the floor joists. Under this ordinance the city furnishes only the building line on the street, unless grades and elevations are requested. By reason of plaintiff's use of the erroneous grades and elevations in his operation, which necessitated extra excavation and walls, etc., he suffered damages for which he received a verdict.

Defendants' contention is (1) that the ordinance requiring a permit from the Department of Streets is a law the meaning of which is to be ascertained and defined by the Court as a matter of law, and that it must be construed as intended to control the building operations within the city, so that they shall conform to the plans and ordinances of the city in all essential respects, including grades and elevations, and (2) that plaintiff, having proceeded in violation of law, by failing to secure a permit under the ordinance, by the doing of which he would have been furnished by the city with the correct grades and elevations, and having incurred damages in consequence, can not recover those damages, even though the defendants committed error in the information which they gave.

The ordinance in question, viewed from the subject-matter thereof, and in relation to the other ordinances, and from the fact that its enforcement is under the supervision of the Department of Streets, is intended to apply to streets and highways, and the permit required thereunder appears to be clearly distinct from the one furnished by the Department of Public Safety, Bureau of Building Inspection. It is intended, so far as buildings are concerned, to control the location of buildings with reference to the building lines of the streets. Consequently the securing of the permit thereunder, as testified to by the city engineer, would have furnished the plaintiff only with the location of the

building line, and not with grades and elevations unless requested. As we view it, this ordinance was not intended to nor does it control building operations in all essential respects, including grades and elevations, but only in so far as the same affect the highways or streets, that is, that it has no effect whatsoever as to grades and elevations. So far as appears from any evidence before us, no other ordinance requires a permit in order to make excavations for a cellar, nor until such time as the foundations are about to be put in place. We are concerned only with the effect of the alleged violation of the ordinance pleaded, that is, the one required to be secured from the Department of Streets.

Assuming that the erection of the cellar walls without a permit from the Department of Streets was a violation of the ordinance in question, does that fact alone deprive the plaintiff of the right to recover damages for defendants' error? If the failure to secure the permit was an inducing cause of the damages, possibly that would affect plaintiff's right; but, even if the permit had been secured, it by no means follows that he would have been furnished by the city with the correct grade and elevations. In fact he would not have been so furnished unless he had requested them. He was free to get them from the defendants who held themselves out as possessing skill and ability and accepted the employment to furnish them. They can not now be heard to assert that, although they undertook to furnish the grades and elevations and accepted pay for so doing, there can be no recovery against them because if their client had sought the information from the city (which he was not required to do) he would have learned that the data given by the defendants were erroneous. The failure to secure the permit in no way induced, caused or contributed to the damage, and consequently it does not prevent plaintiff's re-

594 KUNKELMAN *v.* DECHANT et al., Appellants.

Opin. of the Court Below—Assign. of Error.    [91 Pa. Superior Ct.

covery for defendants' wrong. The principle is analogous to that governing in cases where an injured person is driving an automobile either while under proper age or without a license but the age or failure to have a license had no casual relation to the accident. In such cases binding instructions are properly refused: Scorsoni v. Pittsburgh P. & P. Co., 272 Pa. 253.

Defendants' undertaking implied that they possessed the skill and ability sufficient to enable them to perform the required services at least ordinarily and without neglect. The law implied a promise that they would execute the business intrusted to their management as engineers in this case with a reasonable degree of skill and care. They were bound to perform that duty with reasonable skill and care, and upon their failure so to do, as found by the jury, they were liable for negligence in that respect. Their liability rested only upon unskillfulness and negligence which were admitted and found by the jury. We think that the point for binding instructions, upon which the motion for judgment n. o. v. rests, was properly refused.

We have confined this opinion to a consideration of the motion for judgment n. o. v. The motion for a new trial, as before stated, was not pressed.

And now, to wit, February 1, 1927, the motion for a new trial is denied and the rule to show cause discharged, and the motion for judment in favor of the defendants n. o. v. is also denied and the rule to show discharged. Exception granted defendants. Bill sealed.

Verdict for the plaintiff in the sum of $490.07 and judgment thereon. Defendant appealed.

*Error assigned* among others was refusal of defendant's motion for judgment non obstante veredicto.

*Cyrus G. Derr* and with him *Walter B. Freed,* for appellants.

*E. H. Deysher* and with him *Harry W. Lee,* for appellee.

PER CURIAM, December 15, 1927:

The only assignments of error in this appeal refer to the refusal of the court to give binding instructions in favor of the defendants and the subsequent discharge of a rule for judgment non obstante veredicto. The opinion of Judge STEVENS, of the court below, properly disposed of the questions involved.

The judgment is affirmed on the opinion of the court below.